IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.: 8:22-cr-380 |
| | ) | 18 U.S.C. § 201(b)(2)(C) |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| vs. | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | |
| PHILLIP ORLANDO COLEMAN | ) | **INFORMATION** |

THE UNITED STATES ATTORNEY CHARGES:

At times relevant to this Information:

1. Philip Orlando Coleman ("Coleman") was employed as a correctional officer with the Federal Correctional Institution, Edgefield ("FCI Edgefield") located in Edgefield, South Carolina.

2. FCI Edgefield is a federal correctional institution of the Federal Bureau of Prisons ("BOP"). The BOP is a federal law enforcement agency under the Department of Justice of the United States. The United States Department of Justice is a federal executive department organized under the executive branch of the United States government.

3. From on or about February 2021 through on or about June 2021, in the State of South Carolina, the Defendant, **PHILLIP ORLANDO COLEMAN**, a public official employed by the United States Department of Justice, Bureau of Prisons, as a Correctional Officer at FCI Edgefield, did, directly and indirectly, knowingly and corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of his official duty; that is, accept money in exchange for smuggling cigarettes into FCI Edgefield; provide such contraband to inmates; and permit inmates to possess such contraband;

In violation of Title 18, United States Code, Section 201(b)(2)(C).

1

## FORFEITURE

BRIBERY:

Upon conviction for violation of Title 18, United States Code, Section 201 as charged in this Information, the Defendant, **PHILLIP ORLANDO COLEMAN**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offense.

PROPERTY:

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

    A.    Forfeiture Judgment/Proceeds:

    A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offense charged in this Information, that is, a minimum of approximately $52,500.00 in United States currency and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to his violation of 18 U.S.C. § 201.

    B.    Cash/U.S. Currency:

    $49,051.66 in United States Currency

    C.    Firearms:

    (1)    Diamondback DB15 5.56 16" FFR 30RD
            Serial Number: DB2028431

    (2)    Franklin Armory, Model - FAI-15
            Serial Number: A-10384

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with, a third person;
    (c)    has been placed beyond the jurisdiction of the Court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the said Defendant up to the value of the above-described forfeitable property.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

COREY F. ELLIS
UNITED STATES ATTORNEY

By: *Winston Marosek*
Winston I. Marosek (Fed. ID 13189)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, South Carolina 29601
Tel:    864-282-2100
Fax:   864-233-3158
Email:  Winston.Marosek@usdoj.gov